# EXHIBIT 1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GREG HRASOK, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No: 4:18-cv-591-GCH |
| KRATON CORPORATION, KEVIN M. FOGARTY, and STEPHEN E. TREMBLAY, | |
| Defendants. | |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*__A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.__*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of Texas (the "Court"), if you purchased or otherwise acquired Kraton Corporation ("Kraton") common stock ("Securities") during the period from October 25, 2017 through February 21, 2018, inclusive (the "Class Period") (the "Class").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff Greg Hrasok ("Plaintiff"), on behalf of himself and the Class (as defined in ¶ 20 below), has reached a proposed settlement of the Action for $1,500,000 that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of proceeds from the Settlement.  If you are a member of the Class, your legal rights will be affected if you do not act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Kraton, any other defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 61 below).**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 15, 2019 (the "Stipulation"), which is available at www.KratonSettlement.com.

467588.1

1. **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Kraton, Kevin M. Fogarty, and Stephen E. Tremblay (collectively, the "Defendants") violated the federal securities laws by making false and misleading statements and omissions relating to the Cariflex manufacturing process. A more detailed description of the Action is set forth in paragraphs 11-19 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 61 below.

2. **Statement of the Class's Recovery:** Subject to Court approval, Plaintiff, on behalf of himself and the Class, has agreed to settle the Action in exchange for a cash settlement payment of $1,500,000 (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages [ ] below.

3. **Estimate of Average Amount of Recovery Per Share:** Plaintiff's damages expert estimates that approximately 1.78 million shares of Kraton Securities purchased during the Class Period may have been affected by the alleged conduct at issue in the Action. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $0.84 per affected share (before the deduction of any Court-approved fees, expenses and costs as described herein). Class Members should note, however, that the foregoing is only an estimate. Some Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold/disposed of their Kraton Securities, and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages [ ] below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with Plaintiff's allegation that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their alleged conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, The Rosen Law Firm, P.A., will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund (which includes accrued interest). In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to his representation of the Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. If the maximum amounts are requested and the Court approves Lead Counsel's fee and expense application, the estimated average amount

of fees and expenses, assuming claims are filed for all affected shares, will be approximately $0.24 per affected Kraton Security.

6. **Identification of Class Counsel:** Plaintiff and the Class are represented by Laurence Rosen, Esq. of The Rosen Law Firm, P.A., 275 Madison Avenue, 34th Floor, New York, NY 10016, (212) 686-1060, kratonsettlement@rosenlegal.com.

7. **Reasons for the Settlement:** Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2020 (80 days after the Notice date).** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 29 below) that you have against Defendants' Releasees (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020 (30 days before the Settlement Hearing).** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. Excluding yourself from the Class is the only option that allows you ever to be part of any other lawsuit against any of Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020 (14 days before the Settlement Hearing).** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON _____, 2020 (105 days after the Notice date)AT __:__ .M., AND FILE AN** | Filing a written objection and notice of intention to appear by _____, 2020 (14 days before the Settlement Hearing) allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of |

3

| **OBJECTION AND A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020 (14 days before the Settlement Hearing).** | Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
|---|---|
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                                Page \_\_
What Is This Case About?                                                                  Page \_\_
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class?                                                         Page \_\_
What Are Plaintiff's Reasons For The Settlement?                                          Page \_\_
What Might Have Happened If There Were No Settlement?                                     Page \_\_
How Are Class Members Affected By The Action
    And The Settlement?                                                                  Page \_\_
How Do I Participate In The Settlement?  What Do I Need To Do?                             Page \_\_
How Much Will My Payment Be?                                                              Page \_\_
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid?                                                         Page \_\_
What If I Do Not Want To Be A Member Of The Class?
    How Do I Exclude Myself?                                                              Page \_\_
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?                                                           Page \_\_
What If I Bought Shares On Someone Else's Behalf?                                         Page \_\_
Can I See The Court File?  Whom Should I Contact If I Have Questions?                      Page \_\_

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Kraton Securities during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before

the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, how to file a claim form, how to object to the Settlement, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraph 52 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. Kraton is a global specialty chemicals company that manufactures styrenic block copolymers, specialty polymers, and high-value performance products primarily derived from pine wood pulping co-products. The Action arises out of alleged misrepresentations and omissions made by Defendants from October 25, 2017 through February 21, 2018, inclusive (the "Class Period").

12. On February 26, 2018, the Action was filed by Plaintiff against Defendants in the United States District Court for the Southern District of Texas, bearing the docket number 4:18-cv-591-KMH.

13. On June 26, 2018, the Court entered an order appointing Greg Hrasok, as Lead Plaintiff for the Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Court also approved Lead Plaintiff's selection of The Rosen Law Firm, P.A. as Lead Counsel for the putative class.

14. On August 27, 2018, Plaintiff filed the Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), asserting claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Among other things, the Complaint alleges that Defendants violated the Exchange Act by misrepresenting the true state of, and failing to disclose flaws in, the new manufacturing process for Cariflex during the Class Period. The Complaint alleges that, as a result of the alleged misrepresentations and omissions relating to the Cariflex manufacturing process, the price of Kraton's common stock was artificially inflated during the Class Period. The Complaint further alleges that the true state of the Cariflex manufacturing process was later publicly disclosed in the Company's 2017 Form 10-K, filed on February 21, 2018, when the Company disclosed a $7.6 million negative impact on the Company's fourth quarter 2017 Adjusted EBITDA due to the

5

manufacturing problems. The Complaint further alleges that in response to this news, the price of the Company's stock dropped $7.69 per share, causing investor losses. Finally, the Complaint alleges that Defendants Fogarty and Tremblay violated the Exchange Act by selling shares of Kraton Securities at artificially inflated prices in the months between the material misstatements and the corrective disclosure.

15. On October 11, 2018, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to the Private Securities Litigation Reform Act. Among other things, Defendants argued that Plaintiff failed to adequately plead any materially misleading statements or omissions and, further, failed to plead a strong inference of scienter. Defendants sought dismissal of the Complaint in its entirety with prejudice. Briefing on the Motion to Dismiss was completed on December 17, 2018, when Defendants filed their Reply in Support of Motion to Dismiss Amended Complaint. The Court has not ruled on the Motion to Dismiss.

16. In March 2019, the Parties began discussing a potential settlement of the Action to minimize the risk, costs and burdens of further litigation. On June 13, 2019, the Parties entered into a memorandum of understanding to settle the Action for $1.5 million.

17. Based upon their investigation and prosecution of the case, Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiff and the other members of the Class, and in their best interests. Based on Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Plaintiff has agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

18. This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants' Releasees with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Plaintiff is not aware of any breach of fiduciary duties by Defendants associated or related to or arising from any of the allegations in the Complaint. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

19. On _____, 2019, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

6

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? |
| --- |

20.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Class consists of:

> all persons and/or entities that purchased or otherwise acquired Kraton Securities between October 25, 2017 through February 21, 2018, inclusive.

Excluded from the Class are Defendants; the present and former officers and directors of Kraton at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this provision, has or had a majority ownership interest.  Also excluded from the Class are any persons and entities who or that submits a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page [ ] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2020 (80 days after the Notice date).**

| WHAT ARE PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
| --- |

21.    Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, as to Plaintiff's claims, Plaintiff and Lead Counsel recognized that Defendants had numerous factual and legal defenses that could preclude any recovery.  For example, Defendants would assert that Plaintiff could not prove the existence of materially false and misleading statements or omissions made during the Class Period, and that even if Plaintiff could prove the existence of such misleading statements or omissions, the statements were not made with the requisite state of mind to support the securities fraud claims alleged. As a result, Plaintiff faced the very real risk that a jury would conclude that statements alleged to be materially false and misleading were not; and that Defendants did not act with the requisite culpable mental state (which requires intent to defraud or recklessness). Plaintiff would also have had to prevail at several other litigation stages, including motion to dismiss, summary judgment and trial, and if they prevailed on those, on the appeals that were likely to follow, in order to recover money for the Class.  In short, there were very significant risks attendant to the continued prosecution of the Action, no guarantee that an amount greater than $1,500,000 would be recovered, or that there would be any recovery at all.

22.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $1,500,000 (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after motion to dismiss, summary judgment, trial and appeals, possibly years in the future.

23.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

### WHAT MIGHT HAVE HAPPENED IF THERE WERE NO SETTLEMENT?

24.    If there were no Settlement and Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their potential defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.  Alternatively, Plaintiff and the Class may have recovered more than the amount provided in the Settlement if they prevailed on all of the factual and legal elements of their claims.

### HOW ARE CLASS MEMBERS AFFECTED
### BY THE ACTION AND THE SETTLEMENT?

25.    As a Class Member, you are represented by Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like the Settlement?" below.

26.    If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," below.

27.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like the Settlement?" below.

28.    If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against

Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiff's Releasees (as defined in ¶ 34 below and regardless of whether any such person ever seeks or obtains by any means, including without limitation by submitting a proof of claim and release form, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiff's Claims (as defined in ¶ 29 below) against Defendants' Releasees (as defined in ¶ 30 below) and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiff's Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiff's Claim, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees. This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

29. "Released Plaintiff's Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by or on behalf of any of Plaintiff's Releasees against any one or more of the Defendants' Releasees, regardless of whether any such Defendants' Releasee was named, served with process, or appeared in the Action, that directly or indirectly arise out of or relate to (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or that could have been alleged in the Action, and (ii) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of any Kraton Securities during the Class Period. Released Plaintiff's Claims do not include (i) any claims to enforce the terms of the Settlement; or (ii) any claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

30. "Defendants' Releasees" means (i) Kraton, its past, present and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and in their capacity as such, each and all of their underwriters, advisors, attorneys (including Defendants' Counsel), auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) the Individual Defendants and their respective present, past and future members of their Immediate Families; (iii) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants or any past, present, and future directors or officers of Kraton has a financial interest or was a sponsor, founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

31. "Unknown Claims" means any Released Claims that Plaintiff, any other Class Member, or any Defendants or any of the other Releasees, does not know or suspect to exist in his, her or its favor at the time of the release which, if known by him, her or it, might have affected his, her or its settlement with and release of any of the other Releasees, or might have affected his, her or its decision not to opt out or object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and

9

Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have, and by operation of the final judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, that is similar, comparable or equivalent to California Civil Code § 1542. Plaintiff, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the settlement, Plaintiff and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Releasees shall be deemed by operation of the final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

32. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 33 below) on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiff's Releasees (as defined in ¶ 34 below) and shall have covenanted not to sue Plaintiff's Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiff's Releasees. This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

33. "Released Defendants' Claims" means any and all Claims, including Unknown Claims, that arise out of or relate in any way to the institution, prosecution or settlement of the claims asserted in the Action. Released Defendants' Claims do not include any claims relating to the

10

enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

34.   "Plaintiff's Releasees" means Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other members of the Class, and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, current and former officers and directors, employees, Immediate Family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

35.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2020 (80 days after the Notice date) to the Claims Administrator at the address on page __.**  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.KratonSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in Kraton Securities, as they may be needed to document your Claim.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

37.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid one million and five hundred thousand dollars ($1,500,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms ("Authorized Claimants"), in accordance with the proposed Plan of Allocation or such other plan of allocation that the Court may approve.

38.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, all Claim Forms are processed, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39.   Neither Kraton nor any other person or entity that paid any portion of the Settlement Amount are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability,

11

obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the validity of the Settlement, if approved.

41. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2020 (80 days after the Notice date) shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶29 above) against Defendants' Releasees (as defined in ¶30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any Defendants' Releasee whether or not such Class Member submits a Claim Form.

42. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Kraton Securities held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Kraton Securities during the Class Period may be made by the ERISA Plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

43. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

44. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

45. Only Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Kraton Securities are the only securities that are included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

46. Plaintiff's Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, KratonSettlement.com

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what

a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds remaining in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any of the Net Settlement Fund remains by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administrative Expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

I)  Recognized Loss for Kraton Securities purchased during the period October 25, 2017 to February 21, 2018, inclusive:

A.  For each share retained at the end of trading on May 21, 2018, the Recognized Loss shall be the lesser of:
(i)      $7.89 per share; or
(ii)     the difference between the purchase price per share and $47.56 per share.[2]

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference

13

B. For each share sold on or before February 20, 2018, the Recognized Loss per share shall be $0.

C. For each share sold on February 21, 2018, the Recognized Loss shall be the lesser of:
   i)      $7.89 per share: or
   ii)     the difference between the purchase price per share and the sale price per share.

D. For each share sold between February 22, 2018 and May 21, 2018, inclusive, the Recognized Loss shall be the lesser of:
   i)      $7.89 per share: or
   ii)     the difference between the purchase price per share and the average closing price per share as of date of sale provided in table A below,

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions of Kraton Securities during the Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in Kraton Securities during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

Table A

| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|
| 2/22/2018 | $43.71 | $43.40 | | 4/9/2018 | $48.55 | $46.38 |
| 2/23/2018 | $45.92 | $44.24 | | 4/10/2018 | $50.09 | $46.49 |
| 2/26/2018 | $45.06 | $44.45 | | 4/11/2018 | $50.12 | $46.60 |
| 2/27/2018 | $44.47 | $44.45 | | 4/12/2018 | $50.20 | $46.70 |
| 2/28/2018 | $42.41 | $44.11 | | 4/13/2018 | $50.58 | $46.80 |
| 3/1/2018 | $42.44 | $43.87 | | 4/16/2018 | $50.98 | $46.91 |
| 3/2/2018 | $45.28 | $44.05 | | 4/17/2018 | $51.98 | $47.04 |
| 3/5/2018 | $44.60 | $44.11 | | 4/18/2018 | $52.81 | $47.18 |
| 3/6/2018 | $45.26 | $44.22 | | 4/19/2018 | $52.76 | $47.32 |

---

to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $47.56 per share was the mean (average) daily closing trading price of the Company's shares during the 90-day period beginning on February 21, 2018 and ending on May 21, 2018.

14

| | | | | | |
|---|---|---|---|---|---|
| 3/7/2018 | $45.79 | $44.37 | 4/20/2018 | $51.68 | $47.42 |
| 3/8/2018 | $45.11 | $44.43 | 4/23/2018 | $51.85 | $47.53 |
| 3/9/2018 | $46.32 | $44.57 | 4/24/2018 | $50.56 | $47.60 |
| 3/12/2018 | $46.75 | $44.73 | 4/25/2018 | $49.90 | $47.65 |
| 3/13/2018 | $47.53 | $44.92 | 4/26/2018 | $48.20 | $47.66 |
| 3/14/2018 | $46.44 | $45.01 | 4/27/2018 | $46.70 | $47.64 |
| 3/15/2018 | $46.28 | $45.09 | 4/30/2018 | $45.67 | $47.60 |
| 3/16/2018 | $46.94 | $45.19 | 5/1/2018 | $44.83 | $47.54 |
| 3/19/2018 | $47.55 | $45.31 | 5/2/2018 | $46.22 | $47.52 |
| 3/20/2018 | $49.27 | $45.51 | 5/3/2018 | $46.12 | $47.49 |
| 3/21/2018 | $49.02 | $45.68 | 5/4/2018 | $47.02 | $47.48 |
| 3/22/2018 | $48.02 | $45.78 | 5/7/2018 | $47.13 | $47.47 |
| 3/23/2018 | $46.91 | $45.83 | 5/8/2018 | $47.45 | $47.47 |
| 3/26/2018 | $48.38 | $45.94 | 5/9/2018 | $46.98 | $47.46 |
| 3/27/2018 | $47.37 | $46.00 | 5/10/2018 | $47.57 | $47.46 |
| 3/28/2018 | $46.82 | $46.03 | 5/11/2018 | $47.07 | $47.46 |
| 3/29/2018 | $47.71 | $46.09 | 5/14/2018 | $46.98 | $47.45 |
| 4/2/2018 | $45.97 | $46.09 | 5/15/2018 | $46.72 | $47.44 |
| 4/3/2018 | $46.38 | $46.10 | 5/16/2018 | $48.03 | $47.45 |
| 4/4/2018 | $47.78 | $46.15 | 5/17/2018 | $48.95 | $47.47 |
| 4/5/2018 | $49.46 | $46.26 | 5/18/2018 | $50.08 | $47.51 |
| 4/6/2018 | $48.03 | $46.31 | 5/21/2018 | $50.59 | $47.56 |

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Kraton Securities shall not be deemed a purchase, acquisition or sale of the Company's Securities for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase for purposes of calculating Recognized Loss.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all your purchases and acquisitions of Kraton Securities during the period from October 25, 2017 through and including May 21, 2018.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiff, Plaintiff's Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of

15

such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

The Plan of Allocation set forth herein is the plan that Plaintiff has proposed to the Court for its approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.KratonSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

47. Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund plus interest. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $50,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to his representation of the Class in an amount not to exceed $3,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

48. Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class to: EXCLUSIONS— *Hrasok v. Kraton Corp., et al*, c/o Strategic Claims Services, P.O. 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. The exclusion request must be ***received*** no later than _____, 2020 (30 days before the Settlement Hearing). You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *Hrasok v. Kraton Corp., et al.*, No. 4:18-cv-00591-KMH"; (c) identify and state the number of Kraton Securities that the person or entity requesting exclusion purchased, acquired and sold during the Class Period (*i.e.*, between October 25, 2017 and February 21, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; (d) provide adequate supporting documentation for the transactions for which the Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel and Defendants' Counsel; and (e) be signed by the person or entity requesting exclusion or an authorized

16

representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information and documentation called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.  A Request for Exclusion also shall not be valid and effective if it is received by the Claims Administrator after _____, 2020 (30 days before the Settlement Hearing) even if it contains all the information and documentation called for in this paragraph.

49.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any Defendants' Releasee.

50.    If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

51.    **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

52.    The Settlement Hearing will be held on _____, 2020 at __:__ _.m. (105 days after the Notice date), before the Honorable George C. Hanks, Jr. in Courtroom __, United States District Court for the Southern District of Texas, United States Courthouse, 515 Rusk, Houston, TX 77208.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

53.    Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Texas at the address set forth below on or before _____, 2020 (14 days before the Settlement Hearing).  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2020 (14 days before the Settlement Hearing)**.

17

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **The Rosen Law Firm, P.A.** | **Baker & McKenzie LLP** |
| Southern District of Texas | Daniel Tyre-Karp, Esq. | Elizabeth L. Yingling |
| Clerk of the Court | 275 Madison Ave., 40th Floor | 1900 North Pearl Street |
| United States Courthouse | New York, NY 10016 | Suite 1500 |
| 515 Rusk | | Dallas, Texas 75201 |
| Houston, TX 77208 | | |

54. Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Class, including the number of Kraton Securities that the objecting Class Member purchased, acquired and/or sold during the Class Period (*i.e.*, between October 25, 2017 and February 21, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and/or sale; (d) the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, (e) a statement confirming whether they plan to appear at the Settlement Hearing, (f) the name, address, and telephone number of any counsel that will appear at the Settlement Hearing, and (g) the number of times a Class Member filed an objection in the previous five years and the nature of each objection to each case in which a Class Member filed an objection in the previous five years. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

55. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

56. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 53 above so that it is *received* **on or before** **_____, 2020 (14 days before the Settlement Hearing)**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

57. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 53 above so that the notice is *received* **on or before** **_____, 2020 (14 days before the Settlement Hearing)**.

18

58. The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

59. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

60. If you purchased or otherwise acquired Kraton Securities between October 25, 2017 and February 21, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial purchasers/owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the notice, provide a list of the names and addresses, as well as email addresses to the extent available, of all such beneficial owners to *Hrasok v. Kraton Corp., et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. If you choose the second option, the Claims Administrator will send a Notice Packet to the beneficial purchasers/owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per Notice Packet transmitted by email; or $0.10 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.KratonSettlement.com, or by calling the Claims Administrator toll-free at 1-866-274-4004

| CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

61. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of Texas, United States Courthouse, 515 Rusk, Houston, TX 77208. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.KratonSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *Hrasok v. Kraton Corp., et al* c/o Strategic Claims Services P.O. Box 230 | **and/or** | The Rosen Law Firm, P.A. Daniel Tyre-Karp, Esq. 275 Madison Avenue, 40th Floor |
|---|---|---|

19

| | | |
|---|---|---|
| 600 N. Jackson Street, Suite 205<br>Media, PA 19063<br>1-866-274-4004<br>www.KratonSettlement.com | | New York, NY 10016<br>Telephone: (212) 686-1060<br>Email:<br>kratonsettlement@rosenlegal.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019                    BY ORDER OF THE COURT

                                            UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF TEXAS