# EXHIBIT 2

**Exhibit A-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE ASIA CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JACK YUN MA, et al.,<br><br>Defendants. | No.: 1:15-md-02631-CM (SDA)<br><br>Related cases:<br>1:15-cv-00759-CM<br>1:15-cv-00811-CM<br>1:15-cv-00991-CM<br>1:15-cv-01405-CM<br>1:15-cv-05020-CM<br>1:15-cv-04991-CM<br>1:15-cv-05002-CM |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "MDL Action") pending in the United States District Court for the Southern District of New York (the "Court"), if you purchased or otherwise acquired Alibaba Group Holding Limited ("Alibaba") American Depository Shares ("ADS"), or purchased call options or sold put options on Alibaba ADS, during the period September 19, 2014 through January 28, 2015, inclusive (the "Class Period"), other than those shares purchased directly in the September 19, 2014 Initial Public Offering (the "Class").[4]

**NOTICE OF SETTLEMENT:**   Please also be advised that the Court-appointed Class Representatives William Tai, Christine Asia Co., Ltd., Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu (collectively "Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 26 below), have reached a proposed settlement of the MDL Action for $250,000,000 that, if approved, will resolve all claims in the MDL Action (the "Settlement").

The MDL Action is separate from a class action that was filed on behalf of Alibaba securities purchasers in California Superior Court, San Mateo County, that alleged violations of a different federal statute. That state court action was separately settled through a stipulation of settlement dated December 28, 2018, with final court approval anticipated in May 2019. ***Participation in the settlement of the state court action does not preclude participation in this Settlement***.

---

[4]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 26, 2019 (the "Stipulation"), which is available at www.AlibabaSettlement.com.

468423.1

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of proceeds from the Settlement. If you are a member of the Class, your legal rights will be affected if you do not act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Alibaba, any other defendants in the MDL Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 67 below).**

1.    **Description of the MDL Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Alibaba, Jack Yun Ma ("Ma"), and Joseph Tsai ("Tsai"), Jonathan Zhaoxi Lu ("Lu), and Maggie Wei Wu ("Wu") (collectively, the "Defendants")[5] violated the federal securities laws by making false and misleading statements and omissions in the Registration Statement for Alibaba's September 19, 2014 Initial Public Offering ("IPO"). A more detailed description of the MDL Action is set forth in paragraphs 11-25 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 26 below.

2.    **Statement of the Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Class, have agreed to settle the MDL Action in exchange for a settlement payment of $250,000,000 (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 14-27 below.

3.    **Estimate of Average Amount of Recovery Per Share:**  Plaintiffs' damages expert estimates that approximately 397,299,879 shares of Alibaba ADS and 82,379,100 Alibaba call options[6] purchased, and 53,363,400 Alibaba put options sold, during the Class Period may have been affected by the conduct allegedly at issue in the MDL Action. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $0.57 per affected ADS, $0.14 per affected call option, and $0.24 per affected put option (before the deduction of any Court-approved fees, expenses and costs as described herein). Class Members should note, however, that the foregoing is only an estimate. Some Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold/disposed of their Alibaba Securities, and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 14-27 below) or such other plan of

---

[5]  Defendants Ma, Tsai, Lu, and Wu are collectively referred to herein as the "Individual Defendants."

[6]  All options-related amounts in this paragraph are per share of the underlying security (*i.e.*, 1/100 of a contract).

allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the MDL Action. Among other things, Defendants do not agree with Plaintiffs' allegation that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their alleged conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the MDL Action on a wholly contingent basis since its inception in 2015, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this MDL Action. Court-appointed Lead Counsel, The Rosen Law Firm, P.A., will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (which includes accrued interest). In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $5,000,000, which may include an application for award(s) sufficient to reimburse the reasonable costs and expenses incurred by Plaintiffs, including lost wages, directly related to their representation of the Class in an amount not to exceed $12,500 for each representative Plaintiff. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. If the maximum amounts are requested and the Court approves Lead Counsel's fee and expense application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, call options, and put options will be approximately $0.15 per affected Alibaba ADS, $0.04 per affected call option, and $0.07 per affected put option.

6. **Identification of Class Counsel:** Plaintiffs and the Class are represented by Laurence Rosen, Esq. of The Rosen Law Firm, P.A., 275 Madison Avenue, 34th Floor, New York, NY 10016, (212) 686-1060, alibabasettlement@rosenlegal.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the MDL Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you have against Defendants' Releasees (defined in ¶ 36 below), so it |

| | is in your interest to submit a Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. Excluding yourself from the Class is the only option that allows you ever to be part of any other lawsuit against any of Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON _____, 2019 AT __:__ __.M., AND FILE AN OBJECTION AND A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | Filing a written objection and notice of intention to appear by _____, 2019 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the MDL Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                     Page __
What Is This Case About?                                                        Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Class?                                 Page __
What Are Plaintiffs' Reasons For The Settlement?                               Page __
What Might Happen If There Were No Settlement?                                 Page __
How Are Class Members Affected By The MDL Action
  And The Settlement?                                                 Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                  Page __

468423.1

4

How Much Will My Payment Be?                                      Page __
What Payment Are The Attorneys For The Class Seeking?
  How Will The Lawyers Be Paid?                                  Page __
What If I Do Not Want To Be A Member Of The Class?
   How Do I Exclude Myself?                                      Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                    Page __
What If I Bought Shares On Someone Else's Behalf?                 Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?  Page __

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Alibaba ADS or call options on Alibaba ADS ("Alibaba Call Options"), or sold put options on Alibaba ADS ("Alibaba Put Options") during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, how to file a claim form, how to object to the Settlement, and how to exclude yourself from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 58 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the MDL Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   Alibaba is a multinational conglomerate whose principal operations are based in China specializing in e-commerce, retail, Internet and technology, providing consumer-to-consumer (C2C), business-to-consumer (B2C), and business-to-business (B2B) sales services via web portals, as well as electronic payment services, shopping search engines, and cloud computing. The MDL Action arises out of alleged misrepresentations and omissions contained in the

Registration Statement for Alibaba's September 2014 IPO and made during the September 19, 2014 through January 28, 2015, inclusive (the "Class Period").

12. The MDL Action is the consolidation of several federal actions filed in January and February 2015. The Judicial Panel on Multidistrict Litigation centralized the actions in the United States District Court for the Southern District of New York, bearing the docket number 15-md-02631-CM (SDA).

13. On May 1, 2015, the Court entered an order appointing William Tai and Christine Asia Co., Ltd., as Lead Plaintiffs for the MDL Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Court also approved Lead Plaintiffs' selection of The Rosen Law Firm, P.A. as Lead Counsel for the putative class.

14. On June 30, 2015, Lead Plaintiffs filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), asserting claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. The Complaint alleges, *inter alia*, that Alibaba and the Individual Defendants violated the Exchange Act by failing to disclose the existence, content and significance of a July 16, 2014 administrative guidance meeting with Chinese authorities, and thus misrepresented the true state of Alibaba's business and operations, as well as the risks Alibaba was facing at the time of its September 2014 IPO and during the Class Period. The Complaint further alleges that, as a result of the alleged misrepresentations and omissions relating to the July 16, 2014 meeting, the price of Alibaba's ADS was artificially inflated during the Class Period. The Complaint also alleges that the July 16, 2014 meeting was later publicly disclosed through a document called the "White Paper Regarding the Administrative Guidance Provided to Alibaba Group" (the "White Paper"), which was published on January 28, 2015. Finally, the Complaint alleges that in response to this news, the price of Alibaba's ADS dropped $4.29 per share, causing investor losses.

15. On July 31, 2015, Defendants moved to dismiss the Complaint for failure to state a claim. Plaintiffs opposed Defendants' motion to dismiss, which was fully briefed on September 11, 2015.

16. On June 21, 2016, the Court entered an order dismissing the Complaint with prejudice, holding that Plaintiffs failed to state a claim under the Exchange Act.

17. On July 20, 2016, Lead Plaintiffs filed a notice of appeal to seek review of the Court's dismissal by the United States Court of Appeals for the Second Circuit. On December 5, 2017, the United States Court of Appeals for the Second Circuit issued an order reversing the Court's dismissal order, and remanded the MDL Action to the Court for further proceedings.

18. From February 2018 through March 2019, counsel for Plaintiffs and Defendants completed extensive fact and expert discovery. In total during the discovery period, Lead Plaintiffs propounded six sets of Requests for Production of Documents, four sets of written Interrogatories, and three sets of written Requests for Admissions upon Defendants. Lead Plaintiffs also served thirty-four (34) third-party subpoenas for production of documents on various third parties, including certain underwriters of the IPO, securities analysts, financial advisors, and public relations firms, in addition to a Freedom of Information Act request to the Securities and Exchange Commission. Over the course of the approximately one-year discovery period, Plaintiffs' Counsel reviewed more than 1.1 million pages of documents produced by

Defendants and third parties.  In July 2018, Plaintiffs took two Rule 30(b)(6) depositions of Defendant Alibaba over three days in Hong Kong.  Between October 2018 and January 2019, Plaintiffs took the depositions of twenty (20) Alibaba employees (19 of which were conducted in Hong Kong and one in New Zealand).  All but three of these depositions were conducted in Mandarin Chinese, taking two full business days to complete because of the extended time required for interpretation into English.  Plaintiffs' Counsel also took the depositions of two third-party witnesses (one in Hong Kong and one in New York).  In addition, each of the five (5) Class Representatives was deposed by Defendants (2 of the 5 were conducted in Hong Kong).  Plaintiffs retained seven (7) experts to testify on the topics of Chinese administrative law, Chinese regulation and politics, e-commerce and counterfeiting, due diligence standards in the IPO underwriting process, scienter and stock sales, and loss causation and damages.  Defendants likewise retained seven (7) experts who rendered competing opinions.  The Parties had completed four expert depositions, were in the process of conducting two expert depositions, and all other expert depositions were scheduled at the time the Settlement was reached.

19.   On March 12, 2018, Plaintiffs filed and served their motion for class certification, together with the expert report of Dr. David Tabak regarding market efficiency.  Defendants filed a notice of non-opposition to class certification on April 30, 2018, and the Class was thus certified on May 1, 2018.  The Court entered an order appointing William Tai, Christine Asia Co., Ltd., Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu as Class Representatives and The Rosen Law Firm, P.A. as counsel for the Class.

20.   On June 1, 2018, Defendants filed their answer to the Complaint.

21.   In the fall of 2018, while Plaintiffs were actively pursuing fact discovery, the Parties agreed to participate in a private mediation.  The Parties selected former United States District Court Judge Layn R. Phillips to serve as mediator.  The Parties exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages which were submitted to Judge Phillips in advance of a full-day mediation session that occurred on September 6, 2018.  The session ended without any agreement being reached and the Parties continued with discovery.

22.   Following the close of fact discovery on February 1, 2019, the Parties agreed to engaged in another mediation session to re-visit whether a settlement could be reached, with Judge Phillips again serving as mediator.  The Parties exchanged detailed mediation statements and exhibits on the issues of liability and damages in advance of a full-day mediation session that occurred on March 22, 2019.  The session ended without an agreement to settle.  Following the mediation, however, Judge Phillips presented a mediator's recommendation, that the MDL Action be settled for $250,000,000.  The Parties thereafter accepted the mediator's proposal.

23.   Based upon their investigation and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the MDL Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial

468423.1                                   7

benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

24.   Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants' Releasees (defined in ¶ 36 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the MDL Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

25.   On _____, 2019, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

<div style="border:1px solid black; text-align:center; font-weight:bold;">

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE CLASS?

</div>

26.   If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Class consists of:

> all persons and/or entities that purchased or otherwise acquired Alibaba ADS, or purchased call options or sold put options on Alibaba ADS between September 19, 2014 and January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 IPO.

Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time.  Also excluded from the Class are any persons and entities who or that submit a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page 27 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2019.**

**PLEASE ALSO NOTE THAT THE MDL ACTION IS SEPARATE FROM AN ACTION THAT HAD BEEN FILED IN CALIFORNIA SUPERIOR COURT, SAN MATEO**

468423.1                                                    8

**COUNTY, THAT ALLEGED VIOLATIONS OF DIFFERENT FEDERAL STATUTES. THAT STATE COURT ACTION WAS SEPARATELY SETTLED IN MAY 2019.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

27.  Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, as to Plaintiffs' claims, Plaintiffs and Lead Counsel recognized that Defendants had numerous factual and legal defenses that could preclude any recovery.  For example, Defendants would assert that Plaintiffs could not prove the existence of materially false and misleading statements or omissions in the Registration Statement or made during the Class Period, and that even if Plaintiffs could prove the existence of such misleading statements or omissions, the statements were not made with the requisite state of mind to support the securities fraud claims alleged.  As a result, Plaintiffs faced the very real risk that a jury would conclude that statements alleged to be materially false and misleading were not;  and that the Defendants did not act with the requisite culpable mental state (which requires intent to defraud or recklessness).  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested because Defendants have strongly challenged loss causation in this case, arguing that the January 28, 2015 price drop was due to the supposedly unprecedented method of disclosure of the White Paper rather than disclosure of the pre-IPO Chinese regulatory meeting at issue.  Plaintiffs would also have had to prevail at several other litigation stages, including summary judgment and trial, and if they prevailed on those, on the appeals that were likely to follow, in order to recover money for the Class.  In short, there were very significant risks attendant to the continued prosecution of the MDL Action, no guarantee that an amount greater than $250,000,000 would be recovered, or that there would be any recovery at all.

28.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $250,000,000 (less the various deductions described in this Notice), as compared to the risk that the claims in the MDL Action would produce a smaller recovery, or no recovery at all, after summary judgment, trial and appeals, possibly years in the future.

29.  Defendants have denied the claims asserted against them in the MDL Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAVE HAPPENED IF THERE WERE NO SETTLEMENT? |
|---|

30.   If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of

468423.1                                                  9

their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all. Alternatively, Plaintiffs and the Class may have recovered more than the amount provided in the Settlement if they prevailed on all of the factual and legal elements of their claims.

> ### HOW ARE CLASS MEMBERS AFFECTED
> ### BY THE MDL ACTION AND THE SETTLEMENT?

31. As a Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32. If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

33. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs' Releasees (as defined in ¶ 40 below and regardless of whether any such person ever seeks or obtains by any means, including without limitation by submitting a proof of claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims (as defined in ¶ 35 below) against Defendants' Releasees (as defined in ¶ 36 below) and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees. This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

35. "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by or on behalf of any of Plaintiffs' Releasees (as defined in ¶ 40 below) against any one or more of the Defendants' Releasees (as defined in ¶ 36 below), regardless of whether any such Defendants' Releasee was named, served with process, or appeared in the MDL Action, that directly or indirectly arise out of or relate to (i) any of the

468423.1                                            10

allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the MDL Action, or that could have been alleged in the MDL Action, and (ii) arise out of, are based upon, or related to in any way the purchase, acquisition, holding, sale, or disposition of any Alibaba Securities during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims to enforce the terms of the Settlement; or (ii) any claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

36.   "Defendants' Releasees" means (i) Alibaba, its past, present and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and in their capacity as such, each and all of their underwriters, advisors, attorneys (including Defendants' Counsel), auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) the Individual Defendants and their respective present, past and future members of their Immediate Families; (iii) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants or any past, present, and future directors or officers of Alibaba has a financial interest or was a sponsor, founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

37.   "Unknown Claims" means any Released Claims that any Plaintiff, any other Class Member, or any Defendants or any of the other Releasees, does not know or suspect to exist in his, her or its favor at the time of the release which, if known by him, her or it, might have affected his, her or its settlement with and release of any of the other Releasees, or might have affected his, her or its decision not to opt out or object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have, and by operation of the final judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members

and Releasees shall be deemed to have waived, and by operation of the final judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the other Class Members and each of the other Releasees shall be deemed by operation of the final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

38.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 39 below) on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs' Releasees (as defined in ¶ 40 below) and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees.  This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

39.   "Released Defendants' Claims" means any and all Claims, including Unknown Claims, that arise out of or relate in any way to the institution, prosecution or settlement of the claims asserted in the MDL Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

40.   "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the MDL Action, their respective attorneys, and all other members of the Class, and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, current and former officers and directors, employees, Immediate Family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

---

41.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2019**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.AlibabaSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-XXX-XXX-XXXX.

Please retain all records of your ownership of and transactions in Alibaba ADS, Alibaba Call Options and/or Alibaba Put Options, as they may be needed to document your Claim.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

42.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

43.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid two hundred and fifty million dollars ($250,000,000).  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, all Claim Forms are processed, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

45.    Neither Alibaba nor any other person or entity that paid any portion of the Settlement Amount are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

46.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the validity of the Settlement, if approved.

47.    Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 35 above) against Defendants' Releasees (as defined in ¶ 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any Defendants' Releasee whether or not such Class Member submits a Claim Form.

48.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Alibaba ADS, Alibaba Call Options and/or Alibaba Put Options held through the ERISA Plan in any Claim Form that they

468423.1                                                    13

may submit in this MDL Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Alibaba ADS, Alibaba Call Options and/or Alibaba Put Options during the Class Period may be made by the ERISA Plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

49.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

50.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

51.    Only Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  Alibaba ADS or purchased Alibaba Call Options or sold Alibaba Put Options are the only securities that are included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

52.    Plaintiffs' Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation proposed by Plaintiffs with or without modifications agreed to among the parties, or may approve another plan of allocation, without further notice to Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall be responsible for making administrative determinations, subject to review by the Court, regarding whether Claimants' transactions qualify for payments from the Net Settlement Fund pursuant to the terms of the Stipulation.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formulas described below.

A Recognized Loss will be calculated for each Alibaba ADS and call option contract purchased or otherwise acquired, and each put option contract sold, on a U.S. Exchange or in a transaction in the U.S. during the Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the shares or call options were purchased or otherwise acquired or put options sold during the Class Period, and in what amounts, and whether those shares or call options were sold or put options repurchased, and if sold or repurchased, when they were sold or repurchased, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to

468423.1                                        14

administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created by Plaintiffs with the assistance of a consulting damages expert, and reflects the assumption that the price of Alibaba's ADSs was artificially inflated throughout the Class Period. Defendants had no role in calculating the estimated alleged artificial inflation, and do not concede that any such artificial inflation existed. The estimated alleged artificial inflation in the price of Alibaba's ADSs and options during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of the shares during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the shares, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures that corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Alibaba ADSs purchased on a U.S. Exchange or in a transaction in the U.S. during the Class Period must have been held during a period of time in which the price of the shares declined due to the disclosure of information that corrected an allegedly misleading statement or omission. In conjunction with their experts, Plaintiffs and Lead Counsel have determined that such a price decline occurred in this case on January 27, 2015 (the "Corrective Disclosure Date").[7] Accordingly, if an Alibaba ADS was sold before the Corrective Disclosure Date, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 Artificial Inflation in Alibaba ADSs | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| 9/19/2014 | 1/27/2015 | $4.29 |
| 1/28/2015 | 1/28/2015 | *The lesser of*: <br><br> *(1)* The price of the transaction *minus* $98.45 (the closing price on 1/28/2015) and <br> *(2)* $4.29 (inflation on 1/27/2015) |
| 1/29/2015 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") also is incorporated into the calculation of the Recognized Loss for Alibaba's ADSs. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied

---

[7] The White Paper was published in China after the close of trading on January 27, 2015, with news of the White Paper first reported by *Bloomberg* in the U.S. at approximately 9:43 p.m. EST that evening.

such that losses on shares purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such shares and the average price of Alibaba's ADSs during the 90-Day Lookback Period.  The Recognized Loss on Alibaba's ADSs purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such shares and the rolling average price of Alibaba's ADSs during the portion of the 90-Day Lookback Period elapsed as of the date of sale. Table 2 below contains the rolling average price of Alibaba's ADSs during the 90-Day Lookback Period.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, commissions or other adjustments. The "Total Recognized Loss" is the sum of all of a person or entity's Recognized Losses across all transactions in Alibaba Securities.  If the Total Recognized Loss is calculated to be a negative number, then that person or entity has no recognized loss. Any transactions in Alibaba's Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session, excluding after-market trades before 9:43 p.m. EST on January 27, 2015, which shall be deemed to have occurred during the trading session on January 27, 2015.

### Calculation of Recognized Loss Per Alibaba ADS

For each Alibaba ADS purchased or otherwise acquired during the Class Period (i.e., September 19, 2014 through January 28, 2015, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

i.    For each share purchased during the period from September 19, 2014 through January 27, 2015 (both dates inclusive), and:

     a.    sold prior to January 28, 2015, the Recognized Loss per share is equal to $0.

     b.    sold on January 28, 2015, the Recognized Loss per share is equal to *the lesser of*:

          i.    $4.29 *minus* the artificial inflation at sale as appears in Table 1 above; and

          ii.    the purchase price paid for such ADSs *minus* the sale price of such ADSs.

     c.    sold during the period January 29, 2015 through April 28, 2015, both dates inclusive, the Recognized Loss per share is equal to *the lesser of*:

          i.    $4.29; and

          ii.    the purchase price paid for such ADSs *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

     d.    still held as of the close of trading on April 28, 2015 (*i.e.*, the end of the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

          i.    $4.29; and

> ii. the purchase price paid for such ADSs *minus* the average closing price for Alibaba ADSs during the 90-Day Lookback Period, which is $84.91.

ii. For each share purchased or otherwise acquired on January 28, 2015, and:

    a. sold on January 28, 2015, the Recognized Loss per share is equal to $0.

    b. sold during the period January 29, 2015 through April 28, 2015, both dates inclusive, the Recognized Loss per share is equal to *the lesser of*:

       i. the artificial inflation on January 28, 2015 as it appears in Table 1 above; and

       ii. the purchase price paid for such ADSs *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

    c. still held as of the close of trading on April 28, 2015 (*i.e.*, the end of the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

       i. the artificial inflation on January 28, 2015 as it appears in Table 1 above; and

       ii. the purchase price paid for such ADSs *minus* the average closing price for Alibaba ADSs during the 90-Day Lookback Period, which is $84.91.

**Table 2**

| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 1/29/2015 | 89.81 | 3/2/2015 | 87.08 | 3/31/2015 | 85.49 |
| 1/30/2015 | 89.45 | 3/3/2015 | 86.84 | 4/1/2015 | 85.42 |
| 2/2/2015 | 89.67 | 3/4/2015 | 86.78 | 4/2/2015 | 85.35 |
| 2/3/2015 | 89.91 | 3/5/2015 | 86.75 | 4/6/2015 | 85.27 |
| 2/4/2015 | 89.93 | 3/6/2015 | 86.66 | 4/7/2015 | 85.21 |
| 2/5/2015 | 89.44 | 3/9/2015 | 86.51 | 4/8/2015 | 85.21 |
| 2/6/2015 | 88.90 | 3/10/2015 | 86.38 | 4/9/2015 | 85.23 |
| 2/9/2015 | 88.54 | 3/11/2015 | 86.23 | 4/10/2015 | 85.22 |
| 2/10/2015 | 88.40 | 3/12/2015 | 86.09 | 4/13/2015 | 85.20 |
| 2/11/2015 | 88.16 | 3/13/2015 | 85.95 | 4/14/2015 | 85.19 |
| 2/12/2015 | 88.06 | 3/16/2015 | 85.89 | 4/15/2015 | 85.18 |
| 2/13/2015 | 88.14 | 3/17/2015 | 85.85 | 4/16/2015 | 85.16 |
| 2/17/2015 | 88.04 | 3/18/2015 | 85.81 | 4/17/2015 | 85.10 |
| 2/18/2015 | 87.95 | 3/19/2015 | 85.81 | 4/20/2015 | 85.05 |
| 2/19/2015 | 87.88 | 3/20/2015 | 85.79 | 4/21/2015 | 85.01 |
| 2/20/2015 | 87.80 | 3/23/2015 | 85.75 | 4/22/2015 | 84.96 |
| 2/23/2015 | 87.67 | 3/24/2015 | 85.70 | 4/23/2015 | 84.91 |
| 2/24/2015 | 87.50 | 3/25/2015 | 85.65 | 4/24/2015 | 84.90 |

| 2/25/2015 | 87.43 | 3/26/2015 | 85.61 | 4/27/2015 | 84.90 |
| 2/26/2015 | 87.33 | 3/27/2015 | 85.58 | 4/28/2015 | 84.91 |
| 2/27/2015 | 87.22 | 3/30/2015 | 85.54 | | |

### Calculation of Recognized Loss Per Alibaba Option

Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call) or sell (in the case of a put) 100 shares of the underlying security, which in this case is Alibaba ADSs. Throughout this Plan of Allocation, all price quotations are *per share of the underlying security* (*i.e.*, 1/100 of a contract).

Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation). Under the Plan of Allocation, the dollar amount of artificial inflation per share (*i.e.*, 1/100 of a contract) for each series of Alibaba Call Options and the dollar amount of artificial deflation per share (*i.e.*, 1/100 of a contract) for each series of Alibaba Put Options has been calculated by Plaintiffs' consulting damages expert. Tables available at AlibabaSettlement.com set forth the dollar amount of artificial inflation per share in Alibaba Call Options and the dollar amount of artificial deflation per share in Alibaba Put Options during the period from September 29, 2014[8] through January 27, 2015 for each option series (Tables 3 and 4), the closing price for each option series as of January 28, 2015 (Tables 5 and 6), as well as the closing price and average closing price for each option series during the period from January 29, 2015 through April 28, 2015 (Tables 7 and 8). Those tables list only exchange-traded Alibaba options that both (1) expired after the corrective disclosure on January 27, 2015 and (2) had nonzero open interest (at least 1 open options contract) on either January 27, 2015 or January 28, 2015. Transactions in Alibaba Call Options or Alibaba Put Options that either (1) expired on or before January 27, 2015 or (2) had zero open interest (no open options contracts) on both January 27, 2015 and January 28, 2015 have a Recognized Loss of zero under the Plan of Allocation.

The Recognized Loss per share for each Alibaba Call and Put Option shall be calculated as follows:

i. For each Alibaba Call Option purchased or otherwise acquired from September 29, 2014, through and including the close of trading on January 27, 2015, and:

    a) closed (through sale, exercise or expiration) before the close of trading on January 27, 2015, the Recognized Loss for each such option will be $0.00.

    b) closed (through sale) on and including the close of trading on January 28, 2015, the Recognized Loss for each such option will be ***the lesser of***:

---

[8] Alibaba call and put options began trading on September 29, 2014.

    i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com *minus **the lesser of:***

        a.    the sale price *minus* the option closing price on January 28, 2015; and

        b.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com; and

    ii.    the purchase/acquisition price *minus* the sale price.

c)    closed (through exercise or expiration) on and including the close of trading on January 28, 2015, the Recognized Loss for each such option will be ***the lesser of***:

    i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com; and

    ii.    the purchase/acquisition price *minus* the value per option on January 28, 2015.[9]

d)    closed (through sale) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

    i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com;

    ii.    the purchase/acquisition price *minus* the sale price; and

    iii.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and the date of sale, as stated at AlibabaSettlement.com.

e)    closed (through exercise or expiration) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

    i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com;

    ii.    the purchase/acquisition price *minus* the value per option on the date of exercise or expiration;[10] and

---

[9] The "value" of the call option on January 28, 2015 shall be the closing price of Alibaba ADSs on January 28, 2015, $98.45, minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

[10] The "value" of the call option on the date of exercise or expiration shall be the closing price of Alibaba ADSs on the date of exercise or expiration minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

        iii.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and the date of exercise or expiration, as stated at AlibabaSettlement.com.

    f)   open as of the close of trading on April 28, 2015, the Recognized Loss for each such option will ***the lesser of***:

        i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com; and

        ii.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and April 28, 2015, as stated at AlibabaSettlement.com.

ii.    For each Alibaba Put Option sold (written) from September 29, 2014, through and including the close of trading on January 27, 2015, and:

    a)   closed (through purchase, exercise or expiration) before the close of trading on January 27, 2015, the Recognized Loss for each such option will be $0.00.

    b)   closed (through purchase) on and including the close of trading on January 28, 2015, the Recognized Loss for each such option will be ***the lesser of***:

        i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com *minus **the lesser of:***

            a.    the option closing price on January 28, 2015 *minus* the purchase price; and

            b.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com; and

        ii.    the purchase price *minus* the sale price.

    c)   closed (through exercise, expiration, or assignment) on and including the close of trading on January 28, 2015, the Recognized Loss for each such option will be ***the lesser of***:

        i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com; and

        ii.    the value per option on January 28, 2015[11] *minus* the sale price.

    d)   closed (through purchase) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

---

[11] The "value" of the put option on January 28, 2015 shall be the strike price of the option minus the closing price of Alibaba ADSs on the date of exercise or expiration, $98.45. If this number is less than zero, the value of the put option is zero.

      i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com;

     ii.    the purchase price *minus* the sale price; and

   iii.    the average closing price for that option series between January 29, 2015 and the date of purchase, as stated at AlibabaSettlement.com *minus* the sale price.

e)   closed (through exercise or expiration) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

      i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com;

     ii.    the value per option on the date of exercise or expiration[12] *minus* the sale price; and

   iii.    the average closing price for that option series between January 29, 2015 and the date of exercise or expiration, as stated at AlibabaSettlement.com, *minus* the sale price.

f)   open as of the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the lesser of***:

      i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com; and

     ii.    the average closing price for that option series between January 29, 2015 and April 28, 2015, as stated at AlibabaSettlement.com *minus* the sale price.

iii.    For each Alibaba Call Option purchased or otherwise acquired on January 28, 2015 and:

a)   closed (through sale, exercise or expiration) before the close of trading on January 28, 2015, the Recognized Loss for each such option will be $0.00.

b)   closed (through sale) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

      i.    the purchase/acquisition price *minus* the option closing price on January 28, 2015;

     ii.    the artificial inflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com; and

---

[12] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Alibaba ADSs on the date of exercise or expiration. If this number is less than zero, the value of the put option is zero.

     iii.     the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and the date of sale, as stated at AlibabaSettlement.com.

c) closed (through exercise or expiration) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

     i.     the purchase/acquisition price *minus* the option closing price on January 28, 2015;

     ii.     the artificial inflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com;

     iii.     the purchase/acquisition price *minus* the value per option on the date of exercise or expiration[13]; and

     iv.     the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and the date of exercise or expiration, as stated at AlibabaSettlement.com.

d) open as of the close of trading on April 28, 2015, the Recognized Loss for each such option will ***the lesser of***:

     i.     the purchase/acquisition price *minus* the option closing price on January 28, 2015;

     ii.     the artificial inflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com; and

     iii.     the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and April 28, 2015, as stated at AlibabaSettlement.com.

iv.     For each Alibaba Put Option sold (written) on January 28, 2015 and:

a) closed (through purchase, exercise or expiration) before the close of trading on January 28, 2015, the Recognized Loss for each such option will be $0.00.

b) closed (through purchase) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

     i.     the option closing price on January 28, 2015 *minus* the sale price;

     ii.     the artificial deflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com; and

---

[13] The "value" of the call option on the date of exercise or expiration shall be the closing price of Alibaba ADSs on the date of exercise or expiration minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

     iii.    the average closing price for that option series between January 29, 2015 and the date of purchase, as stated at AlibabaSettlement.com *minus* the sale price.

   c)  closed (through exercise, expiration, or assignment) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

     i.    the option closing price on January 28, 2015 *minus* the sale price;

     ii.    the artificial deflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com;

     iii.    the value per option on the date of exercise or expiration[14] *minus* the sale price; and

     iv.    the average closing price for that option series between January 29, 2015 and the date of exercise or expiration, as stated at AlibabaSettlement.com, *minus* the sale price.

   d)  open as of the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

     i.    the option closing price on January 28, 2015 *minus* the sale price;

     ii.    the artificial deflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com; and

     iii.    the average closing price for that option series between January 29, 2015 and April 28, 2015, as stated AlibabaSettlement.com *minus* the sale price.

## PLAN OF ALLOCATION INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased or otherwise acquired and sold. The number of Claimants who send in claims varies widely from case to case.

A purchase or sale of Alibaba ADSs and options shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a Claimant had a trading gain or "broke even" from his, her, or its overall transactions in Alibaba Securities during the Class Period, the value of the Total Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her, or its overall transactions in Alibaba Securities during the Class Period, but that trading loss was less than the Total Recognized Loss

---

[14] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Alibaba ADSs on the date of exercise or expiration. If this number is less than zero, the value of the put option is zero.

468423.1

calculated above, then the Total Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

For purposes of determining whether a Claimant had a trading gain from his, her, or its overall transactions in the Securities during the Class Period or suffered a trading loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[15] and (ii) the sum of the Total Sales Proceeds[16] and Total Holding Value.[17]  This difference shall be deemed a Claimant's trading gain or loss with respect to his, her, or its overall transactions in Alibaba Securities during the Class Period.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Alibaba ADSs during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

Acquisition of Alibaba ADSs during the Class Period (in a transaction in the U.S.) in connection with a redemption/exchange/conversion/exercise of another security of Alibaba is deemed a purchase of Alibaba ADS.

Notwithstanding any of the above, receipt of Alibaba ADSs during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition or sale of Alibaba ADSs.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Alibaba ADSs held immediately following the IPO (before the Class Period begins) and then against the purchases of Alibaba ADSs during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of an Alibaba ADS. The date of a "short sale" is deemed to be the date of sale of an Alibaba ADS.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in Alibaba, the earliest Class Period purchases shall

---

[15] The "Total Purchase Amount" is the total amount the Claimant paid for all Alibaba Securities purchased during the Class Period, including the amount paid by the Claimant for Put Options both sold (written) and closed (through purchase, assignment, or expiration) during the Class Period.

[16] The Claims Administrator shall match any sales of Alibaba ADSs during the Class Period, first against the Claimant's opening position in Alibaba ADSs (the proceeds of those sales will not be considered for purposes of calculating trading gains or losses).  A Claimant's "Total Sales Proceeds" shall be the total amounts received during the Class Period: (i) from sales of shares of Alibaba ADSs purchased during the Class Period; (ii) upon the closing (through sale, exercise, or expiration) of Call Options purchased during the Class Period; and (iii) from Put Options sold (written) during the Class Period.

[17] For Alibaba ADSs still held as of the close of trading on January 28, 2015, the Claims Administrator shall ascribe a "Holding Value" of $98.45 per share.  For Call and Put Options still open as of the close of trading on January 28, 2015, the Holding Value shall be the closing option price on January 28, 2015. The total calculated holding values for all Alibaba Securities shall be the Claimant's "Total Holding Value."

be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Alibaba ADSs purchased or sold through the exercise of an option, the purchase/sale date of the ADS shall be the exercise date of the option, and the purchase/sale price of the ADS shall be the closing price of Alibaba ADSs on the date of exercise. Any Recognized Loss arising from purchases of Alibaba ADSs acquired during the Class Period through the exercise of an option on Alibaba ADSs[18] shall be computed as provided for other purchases of Alibaba ADSs in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Total Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Total Recognized Loss as compared to the Total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

However, cumulative payments of all claims associated with Alibaba Call Options and Put Options will be limited to 10% of the Net Settlement Fund.[19] Thus, if the cumulative Recognized Loss amounts for Call Option and Put Option claims exceeds 10% of all Total Recognized Losses, then the Recognized Loss for Call Options and Put Options claims will be reduced proportionately until they collectively equal 10% of all Total Recognized Losses. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Alibaba ADS claims, any excess amount will be used to pay the balance on the remaining Call Option and Put Option claims. In the event that the 10% of the Net Settlement Fund, allocated to Call Option and Put Option Authorized Claimants is sufficient to pay 100% of the Alibaba option claims, any excess amount will be used to pay the balance on the remaining ADS claims.

Class Members who do not submit acceptable Proofs of Claim and Release Forms will not share in the Settlement proceeds. The Stipulation and the Judgment dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim and Release Form.

Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and

---

[18] Including (1) purchases of Alibaba ADSs as the result of the exercise of a call option, and (2) purchases of Alibaba ADSs by the seller of a put option as a result of the buyer of such put option exercising that put option.

[19] Alibaba Call Options and Put Options account for less than 10% of the combined estimated damages of Alibaba ADSs, Call Options, and Put Options during the Class Period.

Plaintiffs' Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the recognized claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund eight (8) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Memorial Sloan Kettering Cancer Center.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants' Releasees, and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that Lead Plaintiffs, after consultation with their damages expert, have proposed to the Court for its approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.AlibabaSettlement.com.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

---

53.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund plus interest.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $5,000,000, which may include an application for award(s) sufficient to reimburse the reasonable costs and expenses incurred by Plaintiffs, including lost wages, directly related to their representation of the Class in an amount not to exceed $12,500 for each representative Plaintiff.  Lead Counsel intends to share part of any attorneys' fees awarded by the Court with Glancy Prongay & Murray LLP, MoloLamken LLP, and Levy and Korsinsky LLP in accordance with their level of contribution to the initiation, prosecution, and resolution of the MDL Action.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?
HOW DO I EXCLUDE MYSELF?**

---

54.    Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class to:   EXCLUSIONS—*Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  The exclusion request must be ***received*** no later than _____, 2019.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, Master File No. 1:15-md-02631-CM (SDA)"; (c) identify and state the number of Alibaba ADS, Alibaba Call Options, and/or Alibaba Put Options that the person or entity requesting exclusion purchased, acquired and sold during the Class Period (*i.e.*, between September 19, 2014 and January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 IPO), as well as the dates and prices of each such purchase/acquisition and sale; (d) provide adequate supporting documentation for the transactions for which the Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel and Defendants' Counsel; and (e) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information and documentation called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.  A Request for Exclusion also shall not be valid and effective if

468423.1

27

it is received by the Claims Administrator after _____, 2019 even if it contains all the information and documentation called for in this paragraph.

55.   If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any Defendants' Releasee.

56.   If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

57.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

58.   The Settlement Hearing will be held on _____, 2019 at __:__ _.m., before the Honorable Colleen McMahon at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 24A, 500 Pearl St., New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

59.   Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2019.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2019**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Southern District of New York | **The Rosen Law Firm, P.A.** Laurence Rosen, Esq. 275 Madison Ave., 34th Floor New York, NY  10016 | **Simpson Thacher & Bartlett LLP** James G. Kreissman, Esq. Stephen P. Blake, Esq. 2475 Hanover Street Palo Alto, CA 94304 |
| Clerk of the Court Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY  10007-1312 | | |

468423.1

28

60.   Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Class, including the number of Alibaba ADS, Alibaba Call Options, and/or Alibaba Put Options that the objecting Class Member purchased, acquired and/or sold during the Class Period (*i.e.*, between September 19, 2014 and January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 IPO), as well as the dates and prices of each such purchase/acquisition and/or sale; and (d) the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, (e) a statement confirming whether they plan to appear at the Settlement Hearing, (f) the name, address, and telephone number of any counsel that will appear at the Settlement Hearing, and (g) the number of times a Class Member filed an objection in the previous five years and the nature of each objection to each case in which a Class Member filed an objection in the previous five years.  You may not object to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

61.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

62.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 59 above so that it is *received* **on or before _____, 2019**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

63.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 59 above so that the notice is *received* **on or before _____, 2019**.

64.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

65.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of**

**Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

66.    If you purchased or otherwise acquired Alibaba ADS, Alibaba Call Options, and/or Alibaba Put Options between September 19, 2014 and January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 IPO, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses, as well as email addresses to the extent available, of all such beneficial owners *Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  If you choose the second option, the Claims Administrator will send a Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per Notice Packet transmitted by email; or $0.10 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.AlibabaSettlement.com, or by calling the Claims Administrator toll-free at 1-XXX-XXX-XXXX.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

67.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the MDL Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.AlibabaSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
1-XXX-XXX-XXXX

www.AlibabaSettlement.com

468423.1                                                30

and/or

Laurence Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060


Email:  alibabasettlement@rosenlegal.com


**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019                     BY ORDER OF THE COURT

                                             UNITED STATES DISTRICT COURT
                                             SOUTHERN DISTRICT OF NEW YORK