UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

```
------------------------------------------------------------ x
KIRTAN PATEL, Individually and on Behalf     :   Civ. A. No. 1:19-cv-03209-RDB
of All Others Similarly Situated,            :
                                             :   CLASS ACTION
                 Plaintiff,                  :
                                             :
        vs.                                  :
                                             :
UNDER ARMOUR, INC.,                          :
                                             :
                 Defendants.                 :
------------------------------------------------------------ x
PHILLIP KRAFT, Individually and on Behalf    :
of All Others Similarly Situated,            :   Civ. A. No. 1:19-cv-03502-RDB
                                             :
                 Plaintiff,                  :   CLASS ACTION
                                             :
        vs.                                  :
                                             :
UNDER ARMOUR, INC.,                          :
                                             :
                 Defendants.                 :
------------------------------------------------------------ x
JEFFREY WARONKER, Individually and on        :
Behalf of All Others Similarly Situated,     :   Civ. A. No. 1:19-cv-03581-GLR
                                             :
                 Plaintiff,                  :   CLASS ACTION
                                             :
        vs.                                  :
                                             :
UNDER ARMOUR, INC.,                          :
                                             :
                 Defendants.                 :
------------------------------------------------------------ x
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF KBC ASSET MANAGEMENT NV FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND.......................................................................................................... 2

ARGUMENT.................................................................................................................................. 4

I.      The Related Actions Should Be Consolidated.................................................................... 4

II.     KBC Should Be Appointed Lead Plaintiff......................................................................... 5

        A.      KBC's Motion is Timely ........................................................................................ 6

        B.      KBC Has a Large Financial Interest ...................................................................... 6

        C.      KBC Satisfies the Requirements of Rule 23........................................................... 6

                1.      KBC satisfies the typicality requirement ..................................................... 7

                2.      KBC satisfies the adequacy requirement ..................................................... 7

III.    The Court Should Approve KBC's Selection of Lead Counsel ......................................... 9

CONCLUSION.............................................................................................................................. 9

## TABLE OF AUTHORITIES

**CASES**

*Chamblee v. Terraform Power, Inc.*,
No. PX 16-981, 2016 WL 4039178 (D. Md. July 28, 2016) ..................................................... 7

*In re Cendant Corp. Litigation*,
264 F.3d 201 (3d Cir. 2001) ....................................................................................................... 8

*Mas v. KV Pharmaceutical Co.*,
No. 4:08-CV-1859 (CEJ), ECF. No. 47 (E.D. Mo. Apr. 15, 2009) ............................................ 5

*Morrison v. National Australia Bank Ltd.*,
561 U.S. 247 (2010) ..................................................................................................................... 7

*Osher v. Guess?, Inc.*,
2001 WL 861694 (C.D. Cal. Apr. 26, 2001) .............................................................................. 5

*Sgalambo v. McKenzie*,
268 F.R.D. 170 (S.D.N.Y. 2010) ........................................................................................... 6, 7

*Shah v. Genvec, Inc.*,
No. DKC 12-0341, 2012 WL 1478792 (D. Md. Apr. 26, 2012) ................................................ 6

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ................................................................................................................. 5
15 U.S.C. § 78u-4(a)(3) ....................................................................................................... 2, 5, 6, 9

**OTHER AUTHORITIES**

1995 U.S.C.C.A.N. 679 .................................................................................................................. 8
1995 U.S.C.C.A.N. 730 .................................................................................................................. 8

KBC Asset Management NV ("KBC") respectfully submits this Memorandum of Law in support of its Motion, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order:  (i)  consolidating the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii)  appointing KBC as Lead Plaintiff for a proposed class consisting of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired Under Armour, Inc. ("Under Armour" or the "Company") common stock between September 16, 2015, and November 1, 2019, both dates inclusive (the "Class Period"); (iii)  approving KBC's selection of Motley Rice LLC ("Motley Rice") to serve as Lead Counsel for the class; and (iv)  for any such further relief as the Court may deem just and proper.

## INTRODUCTION

Pending before the Court are three securities fraud class action lawsuits (the "Related Actions")[1] filed against Under Armour and certain of its executives or former executives (collectively, "Defendants").  The complaints on file in the Related Actions allege that Defendants made materially false or misleading statements and/or failed to disclose material facts related to Under Armour's revenue and controls over financial reporting, and, as a result, Defendants' statements about the Company's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B). According to the complaints, when the misrepresentations were revealed to the public, the market

---

[1] The Related Actions are *Patel v. Under Armour, Inc.*, No. 1:19-cv-03209-RDB, filed on November 6, 2019 ("*Patel* Action"); *Kraft v. Under Armour, Inc.*, No. 1:19-cv-03502-RDB, filed on December 9, 2019 ("*Kraft* Action"); and *Waronker v. Under Armour, Inc.*, No. 1:19-cv-03581-GLR, filed on December 17, 2019 ("*Waronker* Action").

value of Under Armour common stock declined, causing the proposed class to suffer significant losses and damages.

The PSLRA directs district courts to resolve any motions for consolidation before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they involve substantially identical issues of law and fact. *See* Fed. R. Civ. P. 42(a).

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff in a securities class action, and creates a presumption that the most adequate plaintiff is the movant with the largest financial interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage of the litigation. KBC respectfully submits that, pursuant to the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative class. As an initial matter, KBC's funds have suffered significant losses. *See* Certification & Loss Charts, Decl. of John E. Herrick ("Herrick Decl."), Exs. A & B. KBC also meets the typicality and adequacy requirements of Rule 23 because, like all members of the putative class, it seeks recovery of losses incurred as a result of Defendants' allegedly false and misleading statements and/or omissions; it is motivated by its funds' large financial losses to vigorously prosecute the Related Actions; and it has committed to fairly and adequately represent the interests of the putative class.

The Court also should approve KBC's selection of Motley Rice as Lead Counsel for the proposed class. The claims of the class will be well protected by Motley Rice, which has the experience, expertise, and resources necessary to handle securities litigation of this scale.

## FACTUAL BACKGROUND

Under Armour develops, markets, and distributes branded performance products for men, women, and youth. The Company is headquartered in Baltimore, Maryland, and its common stock

trades on the New York Stock Exchange under the ticker symbols "UA" for its Class C shares and "UAA" for its Class A shares.

Throughout the Class Period, Defendants allegedly made materially false or misleading statements and/or failed to disclose material facts related to Under Armour's revenue and controls over financial reporting in press releases, analyst conference calls, and quarterly and annual reports filed with the U.S. Securities and Exchange Commission ("SEC").  Specifically, Defendants did not disclose to investors that:  (1)  Under Armour shifted sales from quarter to quarter to appear healthier, including to keep pace with their long-running streak of year-over-year 20% net revenue growth, and (2) the Company was being investigated by, and was cooperating with, the U.S. Department of Justice ("DOJ") and SEC since at least July 2017.  As a result of Defendants' material misrepresentations and omissions, Under Armour's stock allegedly traded at artificially inflated prices during the Class Period.

On November 3, 2019, *The Wall Street Journal* reported on the DOJ and SEC investigations into Under Armour's accounting practices and related disclosures.  The article, titled "Under Armour Is Subject of Federal Accounting Probes," noted that the investigations concern whether Under Armour shifted sales from quarter to quarter to appear healthier, and that DOJ prosecutors were conducting a criminal inquiry into the matter in coordination with civil investigators at the SEC.  The next morning, *The Wall Street Journal* updated its article with a response from the Company, confirming that it had been cooperating with the DOJ and SEC since July 2017.

On this news, Class C shares of Under Armour (UA) fell $3.47 per share, or 18.35%, to close at $15.44 per share, and Class A shares of Under Armour (UAA) fell $4.00 per share, or 18.92%, to close at $17.14 per share on November 4, 2019, damaging investors.

As a result of Defendants' alleged wrongful acts and omissions, and the decline in the market value of Under Armour common stock, KBC and other class members have suffered significant losses and damages.

ARGUMENT

## I.      The Related Actions Should Be Consolidated

The PSLRA provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). There are three related securities fraud actions pending in this District on behalf of investors who purchased Under Armour's common stock:

| RELATED ACTION | DATE FILED | CLASS PERIOD | DEFENDANTS |
|---|---|---|---|
| *Patel* Action | 11/6/19 | 8/3/16-11/1/19 | Under Armour, Kevin A. Plank, Patrick Frisk, David E. Bergman, Lawrence "Chip" Molloy |
| *Kraft* Action | 12/9/19 | 8/3/16-11/1/19 | Under Armour, Kevin A. Plank, Patrick Frisk, David E. Bergman, Lawrence "Chip" Molloy |
| *Waronker* Action | 12/17/19 | 9/16/15-11/1/19 | Under Armour, Kevin A. Plank, Patrick Frisk, David E. Bergman, Brad Dickerson, Lawrence "Chip" Molloy |

Consolidation is appropriate where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Here, the Related Actions present similar factual and legal issues arising out of the same alleged course of misconduct – namely, Defendants' alleged misrepresentations related to shifting sales between quarters and insufficient controls over financial reporting – and involve class members' purchase of Under Armour common stock at artificially inflated prices during a class period that ends on November 1, 2019. While the *Waronker* complaint alleges a longer class

4

period and names one additional defendant (an Under Armour executive who resigned his position

in early 2016, before the start of the class period alleged in the *Patel* Action and *Kraft* Action),

these small differences do not override the substantial similarities between the allegations and

causes of action in the three complaints. *See Mas v. KV Pharm. Co.*, No. 4:08-CV-1859 (CEJ),

ECF No. 47, at 2, 6 (E.D. Mo. Apr. 15, 2009); *Osher v. Guess?, Inc.*, No. CV01-

00871LGB(RNBX), 2001 WL 861694, at \*2 (C.D. Cal. Apr. 26, 2001). Consolidation pursuant

to the Federal Rule of Civil Procedure 42(a) and the PSLRA would preserve judicial resources and

promote efficient prosecution of the litigation. Accordingly, the Court should consolidate the

Related Actions.[2]

## II.   KBC Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each

private action arising under [the Act] that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-

4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national

business-oriented publication or wire service not later than 20 days after filing of the complaint.

15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption

that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief
> sought by the class; and

---

[2] On November 18, 2019, the lead plaintiff in another securities fraud lawsuit against Under Armour and certain of its executives, *In re Under Armour Securities Litigation*, No. 1:17-cv-00388-RDB (D. Md.), filed a motion to consolidate and vacate the notice and lead plaintiff deadline in the *Patel* Action. *See* No. 1:19-cv-03209-RDB, ECF No. 3. For the reasons set forth in plaintiff Kirtan Patel's opposition to that motion, including that the actions are factually distinct, KBC agrees that consolidation of the *Patel* Action (or the *Kraft* Action and *Waronker* Action) with *In re Under Armour Securities Litigation* is inappropriate. *See id.*, ECF No. 4.

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see Shah v. Genvec, Inc.*, No. DKC 12-0341, 2012 WL 1478792, at *2 (D. Md. Apr. 26, 2012). For the reasons that follow, KBC believes it is the most adequate plaintiff and should therefore be appointed Lead Plaintiff.

### A. KBC's Motion is Timely

The notice published on *Business Wire*, a widely circulated national business-oriented news reporting wire service, on November 6, 2019, advised class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the Court to be appointed lead plaintiff within the 60-day period prescribed by statute. *See* Herrick Decl., Ex. C. Because KBC's motion is timely filed, it is entitled to be considered for appointment as Lead Plaintiff.

### B. KBC Has a Large Financial Interest

KBC's funds suffered a loss of $4,776,949 on their purchases of Under Armour Class C and Class A common shares during the Class Period. Thus, KBC has a large financial interest in the relief sought by the class and KBC is unaware of any other movant with a larger financial interest in the Action. *See* Certification & Loss Charts, Herrick Decl., Exs. A, B.

### C. KBC Satisfies the Requirements of Rule 23

To benefit from a presumption that it is the most adequate lead plaintiff, a movant also must "satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To meet this requirement, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted); *see also Chamblee v. Terraform Power, Inc.*, No. PX 16-981,

6

2016 WL 4039178, at *4 (D. Md. July 28, 2016) (considering whether the lead plaintiff movants "have made a *prima facie* showing that they meet the typicality and adequacy requirements under Rule 23"); *In re USEC Sec. Litig.*, 168 F. Supp. 2d 560 (D. Md. 2001) ("A wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for the Court's later consideration of a motion for class certification."). Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo*, 268 F.R.D. at 173-74 (citation omitted). Adequacy "is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . ." *Id.* at 174 (citation omitted). KBC satisfies both of these requirements.

### 1. KBC satisfies the typicality requirement

During the Class Period, KBC's funds purchased or otherwise acquired a substantial amount of Under Armour common stock at prices artificially inflated by Defendants' alleged materially false and/or misleading statements and omissions, and suffered damages when the truth was revealed to the market. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 266-69 (2010) (holding that Section 10(b) applies to any transaction in securities listed on a U.S. stock exchange, without regard for the nationality of the shareholder). Because KBC's legal claims are substantially identical to and arise from the same factual predicate as those alleged in the complaints on file in the Related Actions, KBC satisfies the typicality requirement.

### 2. KBC satisfies the adequacy requirement

As noted above, KBC seeks to recover for substantially the same course of conduct by Defendants and the same injuries for which the rest of the proposed class seeks recovery. KBC's

interests are thus aligned with the interests of the other members of the class. Moreover, the large financial loss suffered by its funds ensures that KBC will vigorously prosecute the litigation. In a case of this magnitude, it is essential that any Court-appointed lead plaintiff have sufficient resources and experience to play a meaningful role in managing the litigation and supervising counsel. Based in Brussels, Belgium, KBC is a sophisticated institutional investor that manages assets worth EUR 292 billion as of the end of 2017. Indeed, KBC is precisely the type of investor whose participation in securities class actions the PSLRA was meant to foster. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 244 (3d Cir. 2001) (finding that the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff" (quoting H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733)); *see also* S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *Chamblee*, 2016 WL 4039178, at *2 ("'Ideally, courts will appoint institutional investors with large holdings in the stock as lead plaintiff,' given their 'incentives to monitor their suits closely because of their substantial stakes in the stock at issue, thereby eliminating frivolous tactics and settlements that inflate attorneys' fees.'" (citation omitted)).[3]

KBC also has demonstrated its adequacy by selecting a highly qualified firm with significant experience and success prosecuting federal securities class actions to serve as Lead Counsel for the class. *See infra* Section III; *see also* Motley Rice Firm Resume, Herrick Decl., Ex. D.

Thus, KBC satisfies the requirements of Rule 23 at this stage.

---

[3] While KBC has standing to bring claims on behalf of its funds under the terms of its investment management agreements with the funds and the prudential exception to the injury-in-fact requirement, for the avoidance of doubt, it nonetheless obtained valid assignments of claim from its funds, executed before the filing of this motion. *See In re Vivendi Universal, S.A.*, 605 F. Supp. 2d 570, 579 (S.D.N.Y. 2009) (rejecting defendants' summary judgment challenge to the standing of foreign investors like KBC to assert claims for violations of federal securities laws) (citing *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008)).

**III.    The Court Should Approve KBC's Selection of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

KBC has selected Motley Rice as Lead Counsel for the proposed class.  Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions.  The firm's experience in the prosecution of securities class actions is derived from, among other things, its service as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.).  On August 12, 2015, the *Sprint* court approved a settlement of $131 million for the class.  Motley Rice also served as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.).  The court in that case approved a settlement of $140 million for the class on December 2, 2016.  *See* Herrick Decl., Ex. D.  Motley Rice and KBC have also successfully prosecuted several securities fraud class actions together.  *See, e.g.*, *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, No. 0:15-cv-02393-MGL (D.S.C.) ($50 million recovery); *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332-AJS (N.D. Ill.) ($60 million recovery).

Accordingly, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the putative class.

## CONCLUSION

For the foregoing reasons, KBC respectfully requests that the Court:  (i) consolidate the Related Actions; (ii) appoint KBC as Lead Plaintiff for the putative class; (iii) approve KBC's selection of Motley Rice as Lead Counsel for the putative class; and (iv) grant any such further relief as the Court may deem just and proper.

DATED:  January 6, 2020                    Respectfully submitted,

                                           **MOTLEY RICE LLC**

                                           */s/ John E. Herrick*

                                           John E. Herrick, Bar No. 11430
                                           Gregg S. Levin
                                           Christopher F. Moriarty
                                           28 Bridgeside Blvd.
                                           Mt. Pleasant, SC 29464
                                           Telephone:  (843) 216-9000
                                           Facsimile:  (843) 216-9450
                                           jherrick@motleyrice.com
                                           glevin@motleyrice.com
                                           cmoriarty@motleyrice.com

                                           *Counsel for KBC Asset Management NV and*
                                           *Proposed Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 6, 2020.

*/s/ John E. Herrick*
John E. Herrick