**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) ) | Civil No. 1:17-cv-00388-RDB <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) | |
| KIRTAN PATEL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> UNDER ARMOUR, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 1:19-cv-03209-RDB <br><br> <u>CLASS ACTION</u> |

[Caption continued on following page.]

ABERDEEN'S STATEMENT OF UNOPPOSED MOTION

4847-0455-0066.v1

| | |
|---|---|
| PHILLIP KRAFT, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>UNDER ARMOUR, INC., et al.,<br><br>                  Defendants. | Civil No. 1:19-cv-03502-RDB<br><br>CLASS ACTION |
| JEFFREY WARONKER, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>UNDER ARMOUR, INC., et al.,<br><br>                  Defendants. | Civil No. 1:19-cv-03581-RDB<br><br>CLASS ACTION |

4847-0455-0066.v1

Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Aberdeen") respectfully submits this statement to inform the Court that its motion for consolidation of the Related Actions, appointment as lead plaintiff, and approval of selection of counsel (*Patel* ECF No. 12) (the "Motion") is unopposed.[1]

## I. INTRODUCTION AND BACKGROUND

Five motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[2] In addition, Aberdeen – the existing Lead Plaintiff in the 2017 Action – moved to consolidate the Related Actions and to be reappointed as Lead Plaintiff.

Each of the competing movants has either indicated that it does not oppose Aberdeen's motion or has withdrawn its own motion. *See Patel* ECF Nos. 13-14, 18-19. As such, ***Aberdeen's motion is substantively unopposed***. The lack of opposition to the Motion provides a further basis to consolidate the Related Actions because they assert nearly identical claims against common defendants on behalf of overlapping classes of Under Armour investors during overlapping class periods. *See* 2017 Action ECF Nos. 107, 125; *Patel* ECF Nos. 3,7; Motion at 9-11.[3] Moreover,

---

[1]    The "2017 Action" refers to *In re Under Armour Sec. Litig.*, No. 1:17-cv-00388-RDB (D. Md.). The Motion defined "2019 Actions" as *Patel v. Under Armour, Inc.*, No. 1:19-cv-03209-RDB (D. Md.) (filed November 6, 2019), *Kraft v. Under Armour, Inc.*, No. 1:19-cv-03502-RDB, ECF No. 14 (D. Md.) (filed December 9, 2019), and *Waronker v. Under Armour, Inc.*, No. 1:19-cv-03581-RDB (D. Md.) (filed December 17, 2019). However, as the *Kraft* Action has since been voluntarily dismissed, Aberdeen requests that it be excluded from the Motion. *See Kraft* ECF No. 14. The 2019 Actions, together with the 2017 Action, are referred to as the "Related Actions."

[2]    The competing movants are: (1) Aberdeen; (2) KBC Asset Management NV; (3) Julie Hsu; (4) Gil Magana; and (5) Edward J. Gray. *See Patel* ECF Nos. 8-11.

[3]    Notably, Mr. Patel, who initially opposed consolidation, did not file a lead plaintiff motion in the 2019 Actions. Gil Magana, who was represented by Mr. Patel's counsel, has withdrawn his motion for lead plaintiff and has not raised any arguments in connection with the consolidation of the Related Actions. *See Patel* ECF Nos. 14-15. In addition, KBC – the only other movant to

4847-0455-0066.v1

based on information contained in the original submissions by the lead plaintiff movants, Aberdeen is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Aberdeen's loss of over $9.2 million is between 2.5 to 165 times larger than the losses claimed by the other movants, and it is more than double the losses claimed by all of the other movants combined. In addition, Aberdeen otherwise meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, the 2019 Actions should be consolidated into the 2017 Action, Aberdeen should be reappointed as Lead Plaintiff in the consolidated action, and its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be reapproved.

## II.     ARGUMENT

### A.     Consolidation of the Related Actions is Appropriate

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The PSLRA contemplates consolidation if "more than one action on behalf of a class asserting substantially the same claim" has been filed. 15 U.S.C. §78u-4(a)(3)(B)(ii). As detailed in the Motion and in Aberdeen's prior briefing, consolidation of the Related Actions is appropriate because the cases involve common issues of law and fact and are based on many of the same "public statements and reports." *See* Motion at 9-11; 2017 Action ECF Nos. 107, 125; *Patel* ECF Nos. 3,7; *see also Tchatchou v. India Globalization Capital, Inc.*, 2019 WL 1004591, at *3 (D. Md. Feb. 28, 2019) ("Consolidation is often appropriate, regardless [of distinctions in class periods, parties, or damages among the suits], where the securities fraud actions 'are based on the same public statements and reports.'") (citation omitted).

---

initially oppose the consolidation of the Related Actions (*see Patel* ECF No. 10-2 at 5 n.2) – has since filed a non-opposition to Aberdeen's Motion. *See Patel* ECF No. 19).

4847-0455-0066.v1

Accordingly, Aberdeen respectfully requests that, upon the Fourth Circuit Court of Appeals returning jurisdiction of the 2017 Action to this Court, that this Court issue an order consolidating the 2019 Actions into the 2017 Action, after which Aberdeen – as the existing Lead Plaintiff in the 2017 Action - would file a consolidated amended complaint. *See In re Bank of Am. Corp. Sec., Derivative and ERISA Litig.*, 2010 WL 1438980, at \*2 (S.D.N.Y. Apr. 9, 2010) ("[I]n a securities class action, a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class."); *In re Synergy Pharm. Inc. Sec. Litig.*, 2019 WL 6150713, at \*5 (E.D.N.Y. Nov. 20, 2019) (same).

### B.    Aberdeen Is Also the "Most Adequate Plaintiff" in the 2019 Actions, and Its Motion is Unopposed

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Here, there is no dispute that Aberdeen possesses the "largest financial interest" in this litigation:

| MOVANT | CLAIMED LOSS |
|---|---|
| **Aberdeen** | $9,224,095.05 |
| KBC Asset Management NV *(filed a notice of non-opposition)* | $3,850,584.39 |
| Julie Hsu *(withdrew)* | $269,005.75 |
| Gil Magana *(withdrew)* | $81,256.97 |
| Edward J. Gray *(withdrew)* | $55,897 |

*See Patel* ECF Nos. 12-5, 10-5, 9-4, 8-5, 11-4.

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Aberdeen must also "otherwise satisf[y] the requirements

- 3 -

of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there is no question that Aberdeen satisfies this requirement. *See* Motion at 4-8. As a sophisticated institutional investor that has demonstrated its interest in aggressively pursuing the claims against defendants through the vigorous prosecution of the 2017 Action to date, Aberdeen is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See Cendant*, 264 F.3d 201 at 273 ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). Because Aberdeen continues to possess the largest financial interest in the relief sought by the class – even after a round of PSLRA notices were disseminated by Mr. Patel – and because Aberdeen satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

The presumptive lead plaintiff, in this case Aberdeen, must be appointed unless it is proven that it will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32. Here, there is no dispute that Aberdeen meets the adequacy and typicality requirements. *See* Motion at 13-16; *see also Patel* ECF Nos. 13-14, 17-18 (collectively raising no substantive opposition to Aberdeen's motion). Consequently, the "most adequate plaintiff" presumption that lies in Aberdeen's favor has not been rebutted. Aberdeen's Motion should be granted and the competing motions should be denied.

- 4 -

## III.   CONCLUSION

The Related Actions should be consolidated because they involve common issues of law and fact and there no longer appears to be any opposition to consolidation.  Reappointment of Aberdeen as Lead Plaintiff in the consolidated action is likewise warranted because Aberdeen possesses the largest financial interest in the relief sought by the classes in the 2019 Actions and meets the requirements of adequacy and typicality.  The competing movants do not oppose Aberdeen's Motion.

As a result, Aberdeen respectfully requests that this Court enter an order: (1) consolidating the Related Actions; (2) appointing Aberdeen as Lead Plaintiff; (3) approving Aberdeen's selection of Robbins Geller to serve as Lead Counsel in the consolidated action; and (4) denying the competing motions.

DATED:  January 21, 2020                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
ROBERT R. HENSSLER JR.
CHRISTOPHER R. KINNON

s/ Robert R. Henssler Jr.
ROBERT R. HENSSLER JR.

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
bhenssler@rgrdlaw.com
ckinnon@rgrdlaw.com

4847-0455-0066.v1

ROBBINS GELLER RUDMAN
   & DOWD LLP
PAUL J. GELLER
JACK REISE
MARK J. DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
jreise@rgrdlaw.com
mdearman@rgrdlaw.com

*Lead Counsel for Plaintiff*

SILVERMAN THOMPSON SLUTKIN
   & WHITE LLC
Andrew C. White, Federal Bar No. 0821
awhite@mdattorney.com
William Sinclair, Federal Bar No. 28833
bsinclair@mdattorney.com
201 N. Charles Street, 26th Floor
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)

*Local Counsel*

- 6 -

4847-0455-0066.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 21, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ ROBERT R. HENSSLER JR.
ROBERT R. HENSSLER JR.

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  bhenssler@rgrdlaw.com

4847-0455-0066.v1

# Mailing Information for a Case 1:17-cv-00388-RDB In re Under Armour Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Abelson**
  aabelson@zuckerman.com,dvermilye@zuckerman.com,creilly@zuckerman.com,cvandergriff@zuckerman.com

- **Stephen R Astley**
  sastley@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Austin P Brane**
  abrane@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Amanda F Davidoff**
  davidoffa@sullcrom.com,amanda-davidoff-7764@ecf.pacerpro.com

- **Mark J. Dearman**
  mdearman@rgrdlaw.com,9825585420@filings.docketbird.com,tseymore@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Eric Robert Delinsky**
  edelinsky@zuckerman.com

- **Samuel P Groner**
  samuel.groner@friedfrank.com,ManagingAttorneysDepartment@friedfrank.com

- **Scott R Haiber**
  scott.haiber@hoganlovells.com,james.tansey@hoganlovells.com

- **Robert R Henssler , Jr**
  bhenssler@rgrdlaw.com,cbarrett@rgrdlaw.com,MarkS@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher R Kinnon**
  ckinnon@rgrdlaw.com,CKinnon@ecf.courtdrive.com

- **Thomas Joseph Minton**
  tminton@charmcitylegal.com

- **Maureen E Mueller**
  mmueller@rgrdlaw.com

- **Pierce Christopher Murphy**
  pmurphy@mdattorney.com,dlawal@mdattorney.com,e_file@mdattorney.com,dfarmer@mdattorney.com

- **Kirtan Patel**
  nikoletta.mendrinos@murphyfalcon.com

- **Charles J Piven**
  piven@browerpiven.com

- **Nicholas Ian Porritt**
  nporritt@zlk.com

- **Jack Reise**
  jreise@rgrdlaw.com,e_file_fl@rgrdlaw.com,mmueller@rgrdlaw.com

- **Juan Carlos Sanchez**
  JSanchez@rgrdlaw.com,jsanchez@ecf.courtdrive.com

- **Elizabeth A Shonson**
  eshonson@rgrdlaw.com

- **William Nelson Sinclair**
  bsinclair@mdattorney.com,rscaffidi@mdattorney.com,dlawal@mdattorney.com,e_file@mdattorney.com

- **Daniel Stephen Sommers**
  dsommers@cohenmilstein.com,efilings@cohenmilstein.com

- **Michael P Sternheim**
  michael.sternheim@friedfrank.com

- **Jon Myer Talotta**
  jon.talotta@hoganlovells.com,albert.hagovsky@hoganlovells.com

- **James Tansey**
  james.tansey@hoganlovells.com

- **Steven J Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

- **Yelena Trepetin**
  trepetin@browerpiven.com

- **James D Wareham**
  James.Wareham@friedfrank.com,ManagingAttorneysDepartment@friedfrank.com

- **G Stewart Webb , Jr**
  gswebb@venable.com,dmvermette@venable.com

- **Andrew C White**
  awhite@mdattorney.com,rscaffidi@mdattorney.com

- **Michael Jackman Wilson**
  MJWilson@Venable.com,BALitigationDocketing@venable.com,SABurke@Venable.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 1:19-cv-03209-RDB Patel v. Under Armour, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert R Henssler , Jr**
  bhenssler@rgrdlaw.com,cbarrett@rgrdlaw.com,MarkS@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John Eugene Herrick**
  jherrick@motleyrice.com,jlittlejohn@motleyrice.com,bnarwold@motleyrice.com,kweil@motleyrice.com,kdotson@motleyrice.com

- **Nikoletta Sara Mendrinos**
  nikoletta.mendrinos@murphyfalcon.com,erica.finn@murphyfalcon.com,erin.sofinowski@murphyfalcon.com,karyn.slavin@murphyfalcon.com

- **William H Narwold**
  bnarwold@motleyrice.com

- **Nicholas Ian Porritt**
  nporritt@zlk.com

- **Daniel Stephen Sommers**
  dsommers@cohenmilstein.com,efilings@cohenmilstein.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)